UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 18-10139-GAO

UNITED STATES OF AMERICA,

v.

DOMINGO GARCIA SUERO,
Defendant.

ORDER
February 27, 2024

O'TOOLE, D.J.

In 2020, the defendant was sentenced to more than twenty years in prison for various crimes. His sentence also included restitution in the amount of $14,923 and a $900 special assessment. He now requests that the Court forgive those monetary penalties.

A criminal sentence "'may not be modified by a district court except in limited circumstances' provided by statute." United States v. Harvey, 20 F.4th 71, 75 (1st Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 824 (2010)); see also United States v. Ziskind, 471 F.3d 266, 270 ("[R]estitution ordered as part of a criminal sentence is a criminal penalty, not a civil remedy.").

18 U.S.C. § 3664(o) governs the modification of restitution orders. Section 3664(o)(1)(D)—the only subsection that could possibly apply to the defendant's request[1]—provides that a restitution order may be adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613(A).

---

[1] Sections 3664(o)(1)(A)–(B) provide that a sentence may be modified under Rule 35 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3742. The former permits correction for clear error by the court within fourteen days of sentencing or reduction at a later date upon the government's motion based on the defendant's substantial assistance. The latter permits correction by a court of appeals. Section 3664(o)(1)(C) permits amendment of a sentence within ninety days

Those sections do not authorize the relief requested here. Section 3664(k) permits modification of the payment *schedule* only. See <u>United States v. Pelletier</u>, No. 1:06-CR-00058-JAW-01, 2017 WL 5162800, at *9 (D. Me. Nov. 7, 2017). Section 3572(c)(1) provides that a criminal fine is a "final judgment" unless it can be "modified or remitted under section 3573."[2] Section 3573, however, provides relief "[u]pon petition of the Government." And Section 3613(A) concerns defendants in default on their restitution or fine payments. None of these provisions provide the remedy the defendant seeks.

The defendant's Motion for Restitution and Court Fees and Fines Forgiveness (dkt. no. 127) is therefore DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

"[i]f the victim's losses are not ascertainable" at least ten days before sentencing or later if a victim subsequently discovers further losses. And § 3664(o)(2) allows the court to alter monetary penalties when resentencing a defendant who violates probation or fails to pay restitution or fines.
[2] The other subsections of § 3572—which provide for correction under Rule 35 and § 3742—do not apply here.